**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

SMITH DELTA REGIONAL CENTER, LLC,

        Plaintiff,

      - against -

U.S. CITIZENSHIP AND IMMIGRATION
SERVICES; KRISTI NOEM, in her official
capacity as Secretary of the United States
Department of Homeland Security.; JOSEPH B.
EDLOW, in his official capacity as Director of
U.S. Citizenship and Immigration Services; and
ALISSA EMMEL, in her official capacity as
Chief of the Immigration Investor Program
Office

        Defendants.

Civil Action No. 1:26-cv-195

## <u>COMPLAINT FOR WRIT OF MANDAMUS AND RELIEF UNDER THE ADMINISTRATIVE PROCEDURE ACT</u>

Plaintiff Smith Delta Regional Center, LLC, by and through undersigned counsel, brings this action against Defendants U.S. Citizenship and Immigration Services, the Secretary of the United States Department of Homeland Security, the Director of U.S. Citizenship and Immigration Services, and the Chief of the Immigrant Investor Program Office, in their official capacities, to compel agency action unlawfully withheld or unreasonably delayed with respect to Plaintiff's pending Form I-956F, Application for Approval of an Investment in a Commercial Enterprise, filed in connection with the Sumeru Solace Resort Hotel project. In support of this Complaint, Plaintiff alleges as follows.

## INTRODUCTION

1. This case seeks narrow and limited relief. Plaintiff does not ask this Court to order approval of the pending Form I-956F. Plaintiff asks only that the Court compel Defendants to

1

perform their nondiscretionary duty to adjudicate the application, which has remained pending beyond USCIS's stated processing expectations and has caused concrete and escalating prejudice to Plaintiff, the associated new commercial enterprise, and prospective EB-5 investors.

2. Smith Delta Regional Center, LLC is a USCIS-designated EB-5 regional center. On October 21, 2025, Plaintiff submitted Form I-956F for the Sumeru Solace Resort Hotel project, a new construction project associated with Ameru Global Investors Fund 1 LLC, the new commercial enterprise. The project is located in a rural targeted employment area and is intended to support substantial economic development, capital investment, and job creation through the construction and operation of a resort hotel development.

3. The Sumeru Solace Resort Hotel project will feature approximately 395,718 total square feet of developed space. The development is expected to include two buildings, cabins, condominium units, amenity space, spa and wellness areas, restaurant and bar facilities, and event space. The project is structured to qualify for EB-5 investment and to generate employment in a rural area consistent with the purposes of the EB-5 regional center program.

4. Despite the project's rural targeted employment area designation, its scale, its construction and development fundamentals, and its economic development objectives, USCIS has not adjudicated the Form I-956F. The application has been pending since October 21, 2025. As of June 23, 2026, the application has been pending approximately 245 days.

5. The continued delay has had immediate and material consequences. Prospective EB-5 investors have repeatedly advised Plaintiff and the project sponsor that they are reluctant to proceed until USCIS approves the Form I-956F. The pending status of the application has become the principal impediment to fundraising. As a result, Plaintiff and Ameru Global Investors Fund 1 LLC are placed at a significant competitive disadvantage relative to EB-5 projects that have already obtained I-956F approvals.

6. The prejudice is compounded by the statutory timing concerns affecting the EB-5 regional center program. The regional center program is currently authorized through September 30, 2027. Congress also directed that, in processing EB-5 petitions, the Secretary of Homeland Security shall prioritize the processing and adjudication of petitions for rural areas. 8 U.S.C. § 1153(b)(5). The continued delay in adjudicating the Form I-956F undermines the statutory preference for rural projects and creates increasing uncertainty for investors seeking to preserve eligibility and benefits before applicable statutory deadlines.

7. The Administrative Procedure Act requires courts to compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1). The mandamus statute gives district courts original jurisdiction over actions in the nature of mandamus to compel an officer or employee of the United States or an agency to perform a duty owed to the plaintiff. 28 U.S.C. § 1361. Plaintiff brings this action because Defendants have failed to adjudicate the pending Form I-956F within a reasonable time and have failed to provide meaningful agency action despite the time-sensitive and rural nature of the project.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States, including the Immigration and Nationality Act, the Administrative Procedure Act, and the mandamus statute.

9. This Court has jurisdiction under 28 U.S.C. § 1361 because Plaintiff seeks an order in the nature of mandamus compelling officers and employees of the United States and an agency of the United States to perform a duty owed to Plaintiff.

10. This Court has authority to grant relief under the Administrative Procedure Act, 5 U.S.C. §§ 555(b), 701–706, including 5 U.S.C. § 706(1), which authorizes a reviewing court to compel agency action unlawfully withheld or unreasonably delayed.

3

11. This Court also has authority to grant declaratory relief under 28 U.S.C. §§ 2201 and 2202.

12. Venue is proper in this District under 28 U.S.C. § 1391(e) because Defendants are officers, employees, or agencies of the United States acting in their official capacities, and because Plaintiff resides in this District, a substantial part of the events or omissions giving rise to the claims occurred in this District, or Defendants are subject to suit in this District. Venue is also proper because the pending Form I-956F concerns a project and associated commercial activities connected to this District. Plaintiff will amend this paragraph as appropriate to reflect the specific district in which this action is filed.

## PARTIES

13. Plaintiff Smith Delta Regional Center, LLC is a USCIS-designated EB-5 regional center authorized to sponsor EB-5 investment projects within its approved geographic scope. Plaintiff is the applicant regional center for the pending Form I-956F submitted in connection with the Sumeru Solace Resort Hotel project.

14. Ameru Global Investors Fund 1 LLC is the new commercial enterprise associated with the Sumeru Solace Resort Hotel project. Ameru Global Investors Fund 1 LLC is the investment vehicle through which qualifying EB-5 investors are expected to invest in the project.

15. Defendant U.S. Citizenship and Immigration Services is an agency within the United States Department of Homeland Security. USCIS is responsible for administering and adjudicating EB-5 regional center filings, including Form I-956F.

16. Defendant Kristi Noem is the Secretary of the United States Department of Homeland Security. She is sued in her official capacity. As Secretary, she is responsible for the administration and enforcement of the immigration laws and for oversight of USCIS and the EB-5 regional center program.

17. Defendant Joseph B. Edlow is the Director of U.S. Citizenship and Immigration Services. He is sued in his official capacity. As Director, he is responsible for the operations of USCIS and the adjudication of immigration benefit requests within USCIS's jurisdiction.

18. Defendant Alissa Emmel is the Chief of the Immigrant Investor Program Office within USCIS. She is sued in her official capacity. The Immigrant Investor Program Office is responsible for adjudicating EB-5 filings, including Form I-956F.

## FACTUAL ALLEGATIONS

19. Smith Delta Regional Center, LLC is a USCIS-designated regional center participating in the EB-5 immigrant investor program. Through the regional center program, qualifying investors may pool capital in a new commercial enterprise associated with a regional center to promote economic growth, including job creation and increased domestic capital investment.

20. On October 21, 2025, Plaintiff filed Form I-956F, Application for Approval of an Investment in a Commercial Enterprise, with USCIS for the Sumeru Solace Resort Hotel project.

21. The Form I-956F was filed in connection with Ameru Global Investors Fund 1 LLC, the new commercial enterprise for the project.

22. The project involves the new construction of the Sumeru Solace Resort Hotel. The project is expected to include approximately 395,718 total square feet of developed space.

23. The project is expected to include two buildings, cabins, condominium units, amenity space, spa and wellness areas, restaurant and bar facilities, and event space.

24. The project is located in a rural targeted employment area. Under the EB-5 statute, a rural area is a targeted employment area, and Congress directed the Secretary of Homeland Security to prioritize processing and adjudication of petitions for rural areas. 8 U.S.C. § 1153(b)(5).

25. The purpose of Form I-956F is to obtain USCIS approval of an investment in a commercial enterprise for purposes of the EB-5 regional center program. Approval of a Form I-956F

provides project-level adjudication that is material to prospective EB-5 investors considering whether to proceed with investments and file individual EB-5 petitions.

26. Plaintiff has continued to engage with prospective EB-5 investors while the Form I-956F remains pending. Plaintiff, the NCE, and their representatives have sought to address investor concerns regarding the pending status of the filing and to explain the project's strengths, rural targeted employment area designation, and overall fundamentals.

27. Despite those efforts, prospective investors have consistently expressed reluctance to move forward until USCIS approves the Form I-956F. The lack of an approved Form I-956F has become the primary obstacle to fundraising.

28. The pending Form I-956F approval places Ameru Global Investors Fund 1 LLC and the Sumeru Solace Resort Hotel project at a material disadvantage compared to EB-5 projects that already have approved Forms I-956F.

29. The delay has concrete business consequences. It impairs Plaintiff's and the NCE's ability to raise EB-5 capital, causes prospective investors to delay or decline subscriptions, undermines project momentum, and creates uncertainty around the timing of investor filings.

30. The delay also creates investor-protection and statutory-timing concerns. The EB-5 regional center program is currently authorized through September 30, 2027. Prospective investors are increasingly focused on the timing of their investment and petition filings in light of that date.

31. USCIS has identified processing goals for Form I-956F adjudications. Recent agency-related materials indicate processing goals of 180 days for Form I-956F and 90 days where the NCE is located in a targeted employment area. Plaintiff's application has exceeded both the 90-day targeted employment area goal and the general 180-day goal.

32. As of June 23, 2026, the Form I-956F has been pending approximately 245 days. The case has therefore remained pending materially beyond the stated processing expectations applicable

to this type of filing and particularly beyond the processing expectation applicable to targeted employment area projects.

33. Plaintiff is informed and believes that USCIS has not issued a final decision on the Form I-956F.

34. Plaintiff is informed and believes that USCIS has not provided any case-specific explanation sufficient to justify the continued delay.

35. Plaintiff is informed and believes that the filing is not delayed because of an outstanding request for evidence, notice of intent to deny, or other pending response obligation by Plaintiff.

36. Plaintiff is informed and believes that no national security, law enforcement, fraud, misrepresentation, or public safety issue has been identified that would justify suspending adjudication of the Form I-956F.

37. Plaintiff has a clear interest in the adjudication of the Form I-956F. Without adjudication, Plaintiff and the NCE remain unable to market the project on the same footing as projects with approved Form I-956F filings, and prospective investors remain reluctant to proceed.

38. USCIS has a duty to adjudicate properly filed applications and benefit requests within a reasonable time. USCIS has not done so here.

39. Plaintiff has no adequate remedy other than relief from this Court compelling Defendants to adjudicate the pending Form I-956F.

## LEGAL FRAMEWORK

40. The Administrative Procedure Act provides that, "within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b).

41. The Administrative Procedure Act further provides that a reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

42. The mandamus statute provides that district courts have original jurisdiction over any

7

action in the nature of mandamus to compel an officer or employee of the United States or any agency to perform a duty owed to the plaintiff. 28 U.S.C. § 1361.

43. The Immigration and Nationality Act provides for the EB-5 regional center program and makes visas under that program available through September 30, 2027. 8 U.S.C. § 1153(b)(5).

44. The EB-5 statute also provides that, in processing petitions for classification under the EB-5 regional center program, the Secretary of Homeland Security "shall prioritize the processing and adjudication of petitions for rural areas." 8 U.S.C. § 1153(b)(5).

45. The Sumeru Solace Resort Hotel project is located in a rural targeted employment area. The rural nature of the project is central to Congress's statutory prioritization of rural EB-5 processing and to prospective investors' interest in the project.

46. Although USCIS retains discretion over the substantive outcome of an adjudication, it does not have discretion to withhold adjudication indefinitely or to delay adjudication unreasonably.

47. Plaintiff seeks only to compel adjudication. Plaintiff does not seek an order directing USCIS to approve the Form I-956F or to reach any particular substantive outcome.

## CLAIM ONE: UNREASONABLE DELAY UNDER THE ADMINISTRATIVE PROCEDURE ACT

48. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

49. Defendants are agencies, officers, or employees of the United States subject to the Administrative Procedure Act.

50. Plaintiff filed a Form I-956F on October 21, 2025. The filing remains pending.

51. USCIS has a duty to adjudicate the Form I-956F within a reasonable time.

52. USCIS has failed to adjudicate the Form I-956F within a reasonable time. The filing has been pending approximately 245 days as of June 23, 2026, exceeding USCIS's stated processing

8

goals for Form I-956F and substantially exceeding the stated goal applicable to targeted employment area projects.

53.     The delay is unreasonable in light of the length of the delay, the agency's stated processing expectations, the rural targeted employment area designation, Congress's direction that rural EB-5 processing be prioritized, the commercial prejudice to Plaintiff and the NCE, the investor uncertainty caused by the pending filing, and the time-sensitive statutory environment for the EB-5 regional center program.

54.     The delay has caused and continues to cause concrete harm. Prospective investors are unwilling or reluctant to proceed without I-956F approval. Fundraising has been impaired. The project is disadvantaged relative to competing projects with approved Forms I-956F. Investor concern is increasing as the September 30, 2027 statutory authorization date approaches.

55.     Defendants' failure to adjudicate the Form I-956F constitutes agency action unlawfully withheld or unreasonably delayed within the meaning of 5 U.S.C. § 706(1).

56.     Plaintiff is entitled to an order compelling Defendants to adjudicate the Form I-956F within a reasonable period set by the Court.

### CLAIM TWO: MANDAMUS UNDER 28 U.S.C. § 1361

57.     Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

58.     Plaintiff has a clear right to have its properly filed Form I-956F adjudicated within a reasonable time.

59.     Defendants have a clear, nondiscretionary duty to adjudicate the Form I-956F. While Defendants retain discretion over the substantive decision, they do not have discretion to refuse to decide the application or to delay adjudication unreasonably.

60.     Defendants have failed to perform their duty to adjudicate the Form I-956F within a

9

reasonable time.

61.     Plaintiff has no adequate alternative remedy. Continued agency inaction leaves Plaintiff without a decision, without project-level approval, and without a meaningful path to resolve the investor and fundraising prejudice caused by the pending filing.

62.     Mandamus relief is appropriate to compel Defendants to perform their duty and adjudicate the pending Form I-956F.

## CLAIM THREE: DECLARATORY RELIEF

63.     Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

64.     An actual controversy exists between Plaintiff and Defendants regarding whether Defendants have unlawfully withheld or unreasonably delayed adjudication of the Form I-956F.

65.     Plaintiff seeks a declaration that Defendants' delay in adjudicating the Form I-956F is unreasonable and unlawful under the Administrative Procedure Act and that Defendants have a duty to adjudicate the application within a reasonable time.

66.     Declaratory relief will clarify the parties' rights and obligations and will assist in resolving the controversy between Plaintiff and Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and grant the following relief:

A.     Declare that Defendants have unlawfully withheld or unreasonably delayed adjudication of Plaintiff's Form I-956F;

B.     Declare that Defendants have a nondiscretionary duty to adjudicate Plaintiff's properly filed Form I-956F within a reasonable time;

C.     Issue an order in the nature of mandamus compelling Defendants to adjudicate Plaintiff's

10

pending Form I-956F within a period set by the Court;

D.      Issue an order under 5 U.S.C. § 706(1) compelling Defendants to adjudicate Plaintiff's

pending Form I-956F within a period set by the Court;

E.      Retain jurisdiction to ensure compliance with the Court's order;

F.      Award Plaintiff its reasonable costs and attorneys' fees to the extent permitted by law,

including under the Equal Access to Justice Act, 28 U.S.C. § 2412; and

G.      Grant such other and further relief as the Court deems just and proper.

Dated: Atlanta, Georgia

July 16, 2026

Respectfully submitted,

**RIMÔN, P.C.**

By:     _/s/ Jeffrey W. Melcher_
        Jeffrey W. Melcher
        32000 West End Ave.
        Suite 500
        Nashville, TN 37203
        TN Bar No. 026732
        T: (404) 217 - 3750
        jeffrey.melcher@rimonlaw.com
        *Counsel for Plaintiff Smith Delta*
        *Regional Center, LLC*

11

# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF TENNESSEE

SMITH DELTA REGIONAL CENTER, LLC,

        Plaintiff,

      - against -

U.S. CITIZENSHIP AND IMMIGRATION
SERVICES; KRISTI NOEM, in her official
capacity as Secretary of the United States
Department of Homeland Security.; JOSEPH B.
EDLOW, in his official capacity as Director of
U.S. Citizenship and Immigration Services; and
ALISSA EMMEL, in her official capacity as
Chief of the Immigration Investor Program
Office

        Defendants.

Civil Action No.

## VERIFICATION

A representative for Smith Delta Regional Center, LLC, appeared before the undersigned officer,

who is authorized to administer oaths, and said under oath that he or she has read the forgoing

*Complaint for Writ and Mandamus and Relief Under the Administrative Procedure Act* and that the

facts in it are true.

_____
Jagadeesh Mupparaju, Managing Member of
Anjanadri Hills Real Estate, LLC, for Plaintiff
Smith Delta Regional Center, LLC
Name: JAGADEESH MUPPARAJU
Address: 1002 LITTLE DARBY LN
City, State Zip: SUWANEE GA 30024
Phone: 678 4853523
Email: JAGADEESH@SAVI-TECH.COM

Subscribed and sworn before me on

July 15 , 20 26 .

_____
Notary Public

CHIN CHIN ONG
My Commission Expires
NOTARY
PUBLIC
FORSYTH COUNTY, GEORGIA
June 22, 2028

12